**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| **ALFRIDA K. DUNLAP,** | ) | **Case No. 24-44112-659** |
| | ) | **Chapter 13** |
| | ) | |
| | ) | **PUBLISHED** |
| **Debtor.** | ) | |

**ORDER**

The matter before the Court is Motion of the United States of America, on Behalf of the Internal Revenue Service, to Dismiss Chapter 13 Case; Objection to Motion to Dismiss Filed by United States of America on Behalf of the Internal Revenue Service; Amended Objection to Motion to Dismiss Filed by United States of America on Behalf of the Internal Revenue Service; and Supplemental Brief in Favor of the United States of America's Motion to Dismiss (Doc. 29). Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

Debtor Alfrida K. Dunlap (hereinafter "Debtor") filed her Voluntary Petition under Chapter 13 on November 7, 2024. Doc. 22 ¶ 1 at 1. On November 22, 2024, the Internal Revenue Service (hereinafter "IRS") filed a proof of claim in the amount of $8,063.89, consisting entirely of unsecured priority claims. Doc. 22 ¶ 2 at 2. The proof of claim filed by the IRS detailed estimated liabilities for tax year 2023, because Debtor had not yet filed an income tax return for that year. *Id.*; *See also* Doc. 38 at 3.

On January 21, 2025, the United States filed Motion of the United States of America, on Behalf of the Internal Revenue Service, to Dismiss Chapter 13 Case (hereinafter "Motion to Dismiss") pursuant to 11 U.S.C. § 1307(e). Doc. 22 ¶ 9 at 3; *see also* Doc. 38 at 3. The IRS argues that Debtor failed to file her 2023 income tax return by the day before the Section 341(a) Meeting of Creditors (hereinafter "Meeting of Creditors") was first set. The Meeting of Creditors was first scheduled for December 11, 2024. *Id.* ¶ 3. Debtor filed her 2023 federal income tax return on January 31, 2025, after the day before the Meeting of Creditors was first scheduled to occur. Doc. 38 at 2.

On February 5, 2025, Debtor filed Objection to Motion to Dismiss Filed by the United States on Behalf of the Internal Revenue Service (hereinafter "Objection"). In the Objection, Debtor argues that despite several attempts to file her 2023 tax return beginning in October 2024, Debtor was unable to timely file pursuant to Section 1308(a). Doc. 33 ¶ 3. According to Debtor, the failure to file was primarily due to issues encountered with securing the necessary Identity Protection PIN (hereinafter "IP PIN") from the IRS, as well as unforeseeable circumstances that Debtor experienced following the decline in the health of Debtor's mother. *Id.* During the hearing on Motion to Dismiss, the Court requested that Debtor file a supplemental response to the Motion to Dismiss. On March 4, 2024, Debtor filed Amended Objection to Motion to Dismiss Filed by United States of America on Behalf of the Internal Revenue Service (hereinafter "Amended Objection") in which Debtor rebutted several of the allegations put forth by the IRS in its Motion to Dismiss. Doc. 38 at 3. At the hearing, the Court also granted the IRS time to file any supplemental support of the Motion to Dismiss. On March 11, 2025, the IRS filed Supplemental Brief in Favor of the United States of America's Motion to Dismiss (Doc. 29) (hereinafter "Supplemental Brief").

## <u>JURISDICTION</u>

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2024). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (2024). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) (2024).

## <u>CONCLUSIONS OF LAW</u>

The issue before the Court is whether the Motion to Dismiss should be granted pursuant to 11 U.S.C. § 1307.

### Compliance with Statutory Framework

The Motion to Dismiss involves the interrelation between Section 1307 and Section 1308 of the Bankruptcy Code, the former which details the conversion of cases from Chapter 13 to Chapter 7 of the Bankruptcy Code and the latter which provides guidance for filing prepetition tax returns. The Court's decision on whether to grant the Motion to Dismiss is largely dependent on

whether Debtor failed to comply with the statutory regulations set forth by the Bankruptcy Code and whether there are any exceptions under which Debtor's failure, if existent, is justified.

**Filing of Prepetition Tax Returns**

Section 1308 of the Bankruptcy Code provides that "if a debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a). The Bankruptcy Code further provides that a failure to file the returns by the day before the date on which the Meeting of Creditors is first scheduled to be held allows a Chapter 13 Trustee to hold the Meeting of Creditors open for a reasonable period to allow a debtor to file the necessary returns and comply with the statute. 11 U.S.C. § 1308(b). For past-due tax returns however, any extension provided to a debtor by the Chapter 13 Trustee cannot be extended more than 120 days following the first scheduled Meeting of the Creditors, unless a debtor—after notice, a hearing, and order—can meet the exception to the rule under 11 U.S.C. § 1308(b)(2). 11 U.S.C. § 1308(b)(1)(A) – (b)(2).

As noted, the IRS alleges that Debtor failed to file her 2023 tax returns by the day before the date on which the Meeting of Creditors was first scheduled pursuant to 11 U.S.C. § 341 on December 11, 2024. Doc. 38 at 4. Debtor did not file her 2023 tax return until January 31, 2025. The text of 11 U.S.C. § 1308(a) required Debtor to file all state and federal tax returns that were due from December 10, 2024, extending back to December 10, 2019. Debtor's failure to file her returns by December 10, 2024, constituted a violation of the deadline provided by 11 U.S.C. § 1308(a).

However, Congress was likely aware of the issues faced by taxpayers when filing tax returns. As such, the Bankruptcy Code provides the Chapter 13 Trustee with the ability to hold open the Meeting of Creditors until the debtor has submitted all required tax returns. In the case at hand, however the Chapter 13 Trustee did not hold open the Meeting of Creditors due to Debtor's failure to request that the Meeting of Creditor be held open. Despite the ability for the Chapter 13 Trustee to hold open the Meeting of Creditors, the Bankruptcy Code requires debtors

to first request the Chapter 13 Trustee to hold open the Meeting of Creditors. *In re Perry*, 389 B.R. 62, 64 (Bankr. N.D. Ohio 2008). Without a request from Debtor, the Chapter 13 Trustee was unable to hold open the Meeting of Creditors, thereby disallowing Debtor any additional time to file the 2023 tax return.

In response, Debtor rebuts noting that she made at least five attempts to file her tax return beginning in October 2024. Doc. 33 ¶¶ 3, 4 at 1, 3. Debtor also notes having experienced several major life events that resulted in a change of circumstances, including her mother's diagnosis with pneumonia, kidney failure, and heart failure, as well as her eventual passing. *Id.* ¶¶ 3, 6. Having faced numerous rejections in filing her tax return, Debtor's Counsel recommended that she inquire directly with the IRS regarding the rejection of her 2023 tax year filing. *Id.* ¶ 4. Debtor was informed upon consulting with the IRS that the IRS had recently instituted a requirement that Debtor secure an IP PIN, which Debtor was later unable to secure for herself. *Id.* ¶ 3 at 1. While Debtor eventually secured an IP PIN, Debtor was informed that it was no longer valid. *Id.* Counsel for Debtor notes that Debtor's inability to secure a valid IP PIN for herself and her dependent prohibited Debtor from claiming her dependent mother on her taxes, a right to which she was legally entitled. *Id.* ¶ 9 at 3.

Despite the IP PIN's invalidity, Debtor notes that she submitted a copy of her 2023 tax return to the Chapter 13 Trustee and the IRS on November 12, 2024, which was later rejected by the IRS, and then again on January 31, 2025, which the IRS finally accepted on February 5, 2025. *Id.* ¶ 3 at 1-2. Counsel for Debtor notes that prior to attempting to file her return for tax year 2023, Debtor had never been prompted to secure an IP PIN in order to file her taxes nor had the IRS ever communicated this requirement to Debtor. *Id.* ¶ 8. Debtor argues that her extenuating circumstances, including her mother's illness and various attempts to submit the tax return to the IRS are sufficient to show a concerted effort to comply with the statute. Debtor further argues that the play of events is indicative of circumstances beyond her control in preventing her from filing her 2023 tax return.

Debtor validly asserts that she faced extenuating circumstances which caused a hindrance in filing her tax return. However, considering guidance provided by the Bankruptcy Code, Debtor's argument is somewhat misplaced. Section 1308 of the Bankruptcy Code provides:

> After notice and a hearing, and order entered before the tolling of any applicable filing period determined under paragraph (1), if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under paragraph (1) is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under paragraph (1) for— (A) a period of not more than 30 days for returns described in paragraph (1)(A); and (B) a period not to extend after the applicable extended due date for a return described in paragraph (1)(B).

11 U.S.C. § 1308(b)(2)(A)-(B). Debtor correctly recognizes that the burden rests on debtors to prove the existence of extenuating circumstances. However, the Bankruptcy Code only allows a debtor to prove extenuating circumstances after he or she has requested the Chapter 13 Trustee to hold open the Meeting of Creditors for the submission of outstanding tax returns. Once the Chapter 13 Trustee holds open the Meeting of Creditors for a designated period not to exceed 120 days, the debtor can then raise the issue of extenuating circumstances to request another extension.

Here, Debtor first should have requested the Chapter 13 Trustee to hold the Meeting of Creditors open. Had the Chapter 13 Trustee granted Debtor's request, Debtor would have had the opportunity to request another extension as a result of extenuating circumstances following proper notice, a hearing, and an order entered before the end of the first extension granted by the Chapter 13 Trustee. Because Debtor never made an initial request with the Chapter 13 Trustee to hold the Meeting of Creditors open, the Bankruptcy Code does not allow Debtor to now utilize extenuating circumstances as an excuse to why her 2023 tax return was not timely filed. Despite the unprecedented adversities faced by Debt when filing her tax return, Debtor's failure to follow the statutory procedure constitutes a violation of 11 U.S.C. §§ 1308(a) and 1308(b)(1) – (2).

**Conversion or Dismissal**

The Bankruptcy Code prioritizes the importance of statutory compliance. The provisions of 11 U.S.C. §§ 1308(a) and 1307(e) were enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, reflecting the intent of Congress to ensure timely filing of tax returns so that [. . .] agencies could efficiently assess any claims against debtors and penalize delinquent filers. *In re French*, 354 B.R. 258, 260-61 (Bankr. E.D. Wisc. 2006). As such, Section 1307(e) of the Bankruptcy Code requires that bankruptcy courts dismiss a case or convert a Chapter 13 to a Chapter 7 case upon a debtor's failure to file required tax returns. 11 U.S.C. § 1308(a); Doc. 38 at 4; *see also Smith v. Spizzirri*, 601 U.S. 472, 476, 144 S.Ct. 1173, 1176, 218 L.Ed.2d 494 (2024).

Debtor provided evidence to the Court of the hardships she faced when attempting to file her taxes from October 2024 to early 2025. These include the repeated rejections of her 2023 return, the unexpected hospitalization and passing of her mother, and the inability to secure an IP PIN for herself and her dependent mother, which the IRS claimed to have needed in order to accept Debtor's return for filing. However, it has already been established and is worth reiterating that Debtor's hardships, while extenuating, should have been brought to the Chapter 13 Trustee in a request for the Meeting of Creditors to be held open until Debtor could successfully file her 2023 tax return.

The evidence on record proves Debtor's failure to comply with 11 U.S.C. § 1308. If permitted to exercise discretion, this Court believes that some form of relief could justifiably be afforded to Debtor because of the extenuating nature of her circumstances. By the same logic however, Counsel for Debtor should have made the necessary request with the Chapter 13 Trustee to hold the Meeting of Creditors open.

However, this is not an issue of discretion for the Court. Section 1308(b)(1) allows the Chapter 13 Trustee to hold open the Meeting of Creditors upon a debtor's request. On the contrary, the language of Section 1307(e) notes that the Court "shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of

the creditors and the estate" for "failure of the debtor to file a tax return under section 1308." 11 U.S.C. § 1307(e). Here, the Bankruptcy Code's use of the word "shall" leaves no discretion for this Court. *In re Perry*, 389 B.R. 62, 66 (Bankr. N.D. Ohio 2008). In fact, the Code's verbiage denotes an obligation of this Court that is "impervious" to judicial discretion. *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). The Court cannot construe the statute apart from its unambiguous terms. *Id.* Therefore, due to Debtor's failure to comply with Section 1308 of the Bankruptcy Code, this Court has no authority to exercise discretion and provide leniency to Debtor considering the hardships she suffered. Debtor's Chapter 13 case must be converted to a Chapter 7 case or dismissed. Therefore,

**IT IS ORDERED THAT** the Motion of the United States of America, on Behalf of the Internal Revenue Service, to Dismiss Chapter 13 Case is **GRANTED**, and the Clerk of Court is directed to enter an Order dismissing this case.

Kathy A. Surratt-States

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: May 5, 2025
St. Louis, Missouri

Copies to:

**Office of the United States Trustee**
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

**Alfrida K Dunlap**
6928 Melrose Avenue
Saint Louis, MO 63130

**Joshua Michael Jones**
U.S. Attorney's Office
111 South 10th Street
Suite 20.333
St. Louis, MO 63102

**Marie Guerrier Allen**
P. O. Box 411281
St. Louis, MO 63141-9998

**Shane K Blank**
DOJ-USAO
111 South 10th Street - Ste 21st Floor
St. Louis, MO 63102